[No. 20943.   Department One.   April 9, 1928.]

## NILS BERGLUND, *Appellant*, v LUCKENBACH STEAMSHIP COMPANY, *Respondent*.[1]

[1] MASTER AND SERVANT (117)—INJURIES TO SERVANT—SHIPPING— CONTRIBUTORY NEGLIGENCE.  A verdict is properly directed for defendant in an action for injuries sustained by a longshoreman while replacing a hatch cover, where it appears that the injury was due to the negligence of the plaintiff in walking upon the end of a board which he could see was not supported, no negligence appearing on the part of the defendant.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered June 22, 1927, upon the verdict of a jury rendered in favor of the defendant by direction of the court, in an action for personal injuries sustained by a longshoreman. Affirmed.

*Wm. Martin,* for appellant.

*Huffer, Hayden, Merritt, Summers & Bucey,* for respondent.

MITCHELL, J.—Nils Berglund, an experienced longshoreman, was injured while replacing hatch boards

[1]Reported in 266 Pac. 141.

on one of the vessels of the Luckenbach Steamship Company, in Seattle. His complaint was that his injuries were caused by the negligence of the steamship company. Upon the trial of the case, at the conclusion of the evidence on behalf of the plaintiff, the court directed a verdict for the defendant. The plaintiff has appealed from a judgment on the verdict.

[1] The substance of the charge of negligence against the respondent was that respondent provided a hatch cover which was short and defective, dangerous and unfit to be used as a hatch cover upon said hatch, and in

" . . . negligently placing the said hatch where said hatch cover was not sufficiently long to reach from one end bearing crossbeam to the other . . . and in negligently leaving the said hatch cover upon the hatch while supported only under one end and the center."

It was further alleged that, while engaged in his work, he stepped upon the unsupported end of one of the hatch covers or boards and dropped down through the hatchway and was injured.

His proof, however, showed that the hatch board was not in place nor supposed to be in place, and that he knew it at the time he stepped on it. After stowing cargo, he was directed to assist in replacing the hatch cover. In doing so, they first set in proper places the framework of the hatch, consisting of a king-beam and crossbeams to receive the covers or boards that fit into the different sections of the frame. There were eighteen boards to cover the hatch, which boards, in a sling load of two tiers, were then brought on deck and dropped temporarily across the crossbeams, for the convenience of the workmen in putting them in their permanent places. There was nothing unusual

14—147 WASH.

about placing or dropping the boards in that way; the appellant had seen it done that way on other occasions. After the sling was removed from the boards, the appellant and his working partner distributed and placed the boards, about nine feet long, into their proper permanent places. The hatch was divided into six sections, three on either side of the main king-beam, running fore and aft. The boards were numbered so as to indicate the particular places and sections into which they fit. They varied in lengths so that, in placing them, the workmen were at times compelled to replace them.

In doing the work, they took the boards, one at a time, alternately from the tiers, passed safely around the sides of the tiers until, upon removing next to the last board, the appellant, with the board obstructing his view, walked forward, not on the side as theretofore, but on the last board of the tier until he reached the unsupported end of that board, whereupon it tilted, causing him to fall into the hold. There was nothing about the situation to deceive or mislead the common mind, nothing intricate or involved. Just two tiers of boards, of somewhat uneven lengths, piled on the beams of the hatch. They laid the boards so as to cover the hatch as their work progressed until, finally deserting that plan, appellant walked upon a loose board that he knew, or could see, was not in place. There was no proof tending to show that it was negligent to land the sling load of boards temporarily across the hatch beams, nor to leave the last, or any other, board in its temporary position while other boards were being put in proper places. This is not a case of presumed negligence, as contended for by the appellant, because it clearly appears by the proof that the injury is not inexplicable, except as the result of negligence on the part of the respondent. On the con-

trary, the accident and injury are clearly traceable to appellant's own negligence and carelessness. It must be so held as a matter of law.

Affirmed.

MACKINTOSH, C. J., FRENCH, and PARKER, JJ., concur